```
UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - - - - -x

In re:                               :

JOE D. VELOSO
ANDREA E. VELOSO                     :    BK No. 11-14100
          Debtors                         Chapter 13


- - - - - - - - - - - - - - - - - - -x
```

## ORDER DENYING CONFIRMATION

APPEARANCES:

    John Boyajian, Esq.
    Chapter 13 Trustee
    Boyajian, Harrington & Richardson
    182 Waterman Street
    Providence, Rhode Island 02906

    Russell D. Raskin, Esq.
    Raskin & Berman
    Attorney for Defendant
    116 East Manning Street
    Providence, Rhode Island 02906

**BEFORE ARTHUR N. VOTOLATO, United States Bankruptcy Judge**

BK No. 11-14100

Heard on the Trustee's Objection to Confirmation, on the grounds that: (1) the Chapter 13 plan does not provide for all of the Debtors' disposable income to be applied to plan payments as required by 11 U.S.C. § 1325(b)(1)(B); and (2) the proposed plan payments do not satisfy the requirements of the "means test" under 11 U.S.C. § 707.  The Trustee's objection[1] is directed at the Debtors' attempt to take two "old car" expense deductions of $200 each per month, in addition to allowable (and unobjected to) transportation expenses already taken on Official Form B-22C, upon which the "means test" is calculated.

The Debtors argue that their recently reduced income[2] should be taken into account in calculating their disposable income. However, their "change in circumstances" argument misses the mark on the question presented in the Trustee's objection, i.e., may the Debtors claim an extra transportation expense in addition to the ones already taken on Line 27 of Official Form B-22C.  That question is different from and not dependent on any argument based on changed circumstances.  A change in circumstance does not affect whether a debtor may "double up" on certain allowable expenses in

---

[1] Debtors conceded on other matters to which the Trustee objected, and focused their argument solely on whether the "old car" additional expense deduction is available to them.

[2] Mr. Veloso's hours have decreased since the filing because he no longer drives a fixed delivery route for his employer, UPS.

1

BK No. 11-14100

calculating the "means test" under 11 U.S.C. § 707(b)(2)(A)(ii)(i) for plan confirmation purposes.

For the reasons argued by the Trustee in his oral and written submissions, which are adopted and incorporated herein by reference, and which are supported by a majority of the courts that have addressed this issue, the Trustee's objection to confirmation is **SUSTAINED**. *See In re Hargis*, 451 B.R. 174 (Bankr. D. Utah 2011).

Enter.

Arthur N. Votolato
U.S. Bankruptcy Court

Entered on docket: 6/1/12